# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **SYLVIA LARSON,** <br> **CARLTON LARSON** | **CIVIL ACTION NO. 09-1095** |
| **VS.** | **JUDGE DOHERTY** |
| **ACTAVIS, INC.,** <br> **ACTAVIS ELIZABETH, L.L.C.,** <br> **ACTAVIS TOTOWA L.L.C.,** <br> **MYLAN PHARMACEUTICALS, INC.,** <br> **MYLAN, INC.** | **MAGISTRATE JUDGE METHVIN** |

*RULING ON DEFENDANTS' MOTION TO STAY PROCEEDINGS
PENDING THE TRANSFER ORDER OF THE MULTIDISTRICT
LITIGATION COURT*
(Rec. Doc. 4)

Before the court is defendants' motion to stay the proceedings pending the transfer order to the multidistrict litigation court. The motion is opposed.

*Background and Argument*

Plaintiffs filed suit in a Louisiana state court alleging personal injuries suffered by Sylvia Larson as a result of her use of the drug named Digitek, a trademarked name of digoxin or digitalis, used to treat heart conditions. Defendants removed the suit to federal court alleging diversity jurisdiction pursuant to 28 U.S.C. §1332, and moved almost immediately to have the matter stayed pending transfer to the MDL court in the Southern District of West Virginia.[1]

---

[1] Defendants filed a notice of potential tag along action before the judicial panel on multidistrict litigation on July 2, 2009. See Exhibit A to defendants' motion.

2

Plaintiffs filed an opposition to the motion to stay and a motion to remand the matter to state court, based on an insufficient amount in controversy.  Plaintiffs attached to their motion to remand a "Certification" that neither of their damages was in excess of $75,000.  Plaintiffs argue the stay should not be granted, because this court lacks jurisdiction to transfer the matter due to an insufficient amount in controversy.

Defendants filed an opposition to plaintiffs' motion to remand, and a reply in support of the motion to stay, arguing, *inter alia*, that plaintiff was hospitalized for four days, was bedridden for several weeks, had medical bills in excess of $11,000, and plaintiffs have refused to execute an irrevocable stipulation that the amount in controversy is less than $75,000.

Defendants argue the matter should be stayed pending a decision on transfer to the MDL for the sake of judicial efficiency, and that the motion to remand will be decided by the MDL court in any case.

### *Applicable Law and Discussion*

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket" and "[t]he proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 706, 117 S.Ct. 1636, 1650 (1997), referencing Landis v. North American Co., 299 U.S. 248, 254-255, 57 S.Ct. 163, 165-166 (1936).

3

The court finds defendants have met their burden that a stay pending transfer to the MDL is appropriate in this case and in the interest of judicial economy. Plaintiffs will not be prejudiced, as they may file objections to the transfer of this case before the MDL panel, the stay is only in effect until the MDL panel issues its decision on the transfer issue, and in either forum plaintiff will eventually have its motion to remand resolved.[2]

### *Conclusion*

For the reasons give above,

**IT IS ORDERED** that Defendants' Motion to Stay Proceedings Pending the Transfer Order of the Multidistrict Litigation Court (rec. doc. 4) is **GRANTED** and the above-captioned proceedings are stayed pending transfer to the multidistrict litigation court in the United States District Court for the Southern District of West Virginia, pursuant to the ruling of the Judicial Panel of Multidistrict Litigation.

November 6, 2009, Lafayette, Louisiana.

*[signature]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

---

[2] See Foti v. Warner-Lambert Co., L.L.C., 2005 WL 2036920 (E.D.La. 2005); Boudreaux v. Metropolitan Life Ins. Co., 1995 WL 83788 (E.D.La. 1995).